UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHANG JANG and BAU INTERNATIONAL INC.,

Plaintiffs,

-against-

STEVEN MNUCHIN, in his official capacity as UNITED
STATES SECRETARY OF TREASURY; UNITED
STATES DEPARTMENT OF TREASURY; UNITED
STATES SMALL BUSINESS ADMINISTRATION;
FLUSHING SAVINGS BANK,

Defendants.

Case No. 17 - cv - 1383

**COMPLAINT**

Plaintiffs CHANG JANG and BAU INTERNATIONAL INC., by their attorneys, VISHNICK MCGOVERN MILIZIO LLP, complaining of Defendants STEVEN MNUCHIN, in his official capacity as UNITED STATES SECRETARY OF TREASURY, UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES SMALL BUSINESS ADMINISTRATION, and FLUSHING SAVINGS BANK state as follows:

## INTRODUCTION

1.       Plaintiffs CHANG JANG and BAU INTERNATIONAL INC. bring this action, challenging a final agency decision issued on January 27, 2017 by Defendant DEPARTMENT OF THE TREASURY to continue with its administrative wage garnishment against Plaintiffs relating to a 2007 loan from Defendant FLUSHING SAVINGS BANK to Plaintiff BAU INTERNATIONAL, which was guaranteed by Plaintiff CHANG JANG through Defendant UNITED STATES SMALL BUSINESS ADMINISTRATION.

2.       As set forth in detail below, the January 2017 decision is invalid and must be set aside, including on the grounds that: (a) it is "arbitrary and capricious, an abuse of discretion or

otherwise not in accordance with law" since the terms of the loan repayment were previously agreed upon and resolved in 2012, 5 U.S.C. §706(2)(A), and (b) it was made "without observance of procedure required by law" when the agency failed to produce the underlying records substantiating its claim, 5 U.S.C. §706(2)(D). In addition, Plaintiffs seek a judgment in Plaintiffs favor (a) declaring that the amount and terms of repayment of the Note shall be pursuant to a 2012 Settlement Agreement with Defendant FLUSHING SAVINGS BANK, (b) awarding a credit to Plaintiffs for all payments made thereunder, and (c) declaring to which party Plaintiffs should make such future payments under the 2012 Settlement Agreement. Finally, there should be a stay or postponement of the January 2017 decision pending review by this Court under 5 U.S.C. §705 as no irreparable harm would result in doing so.

## THE PARTIES

3.      Plaintiff BAU INTERNATIONAL INC. ("BAU INTERNATIONAL")is a New Jersey corporation with its principle office located at 11-19 Amity Street, Paterson, New Jersey 07503.

4.      Plaintiff CHANG JANG is a resident of the State of New York, County of Queens, and he is the principal owner of Plaintiff BAU INTERNATIONAL.

5.      Defendant UNITED STATES DEPARTMENT OF TREASURY ("TREASURY") is a federal agency charged with the economic and financial systems of the United States, including administrative wage garnishment for debts owed to the Agency.

6.      Defendant STEVEN MNUCHIN, in his official capacity as UNITED STATES SECRETARY OF TREASURY, is responsible for administering and enforcing the decisions of Defendant TREASURY, including the January 27, 2017 Decision that is the subject of this action.

7.      Defendant UNITED STATES SMALL BUSINESS ADMINISTRATION

("SBA") is a federal agency that provides support to entrepreneurs and small businesses.

8.    Defendant FLUSHING SAVINGS BANK ("FSB") is a banking association which has various locations within the State of New York, including a place of business located at 220 RXR Plaza, Uniondale, New York 11556.

## JURISDICTION AND VENUE

9.    This Court has federal question jurisdiction under 28 U.S.C. §§1331 and 1332 and is authorized to enter a declaratory judgment pursuant to 28 U.S.C. §2201 and 5 U.S.C. §706. This Court has power to grant injunctive relief pursuant to 28 U.S.C. §2202.

10.    Venue is proper pursuant to 28 U.S.C. §1391 and 5 U.S.C. §§702, 703, 706.

## FACTS

11.    In or about October 2007, Plaintiff BAU INTERNATIONAL obtained a line of credit note from Defendant FSB in the principal amount of $150,000.00. *See* Exhibit "A" ("Note").

12.    In conjunction therewith, Plaintiff JANG executed and delivered to Defendant FSB a U.S. Small Business Administration Unconditional Guarantee dated October 16, 2007. *See* Exhibit "B" (Guarantee).

13.    In or about May 2012, Defendant FSB commenced an action in the Superior Court of New Jersey, Passaic County, Docket No. PAS-L-2227-12 against Plaintiffs BAU INTERNATIONAL and JANG, alleging, among other things, (a) that Plaintiff BAU INTERNATIONAL had breached the terms of the Note by failing to make payments due thereunder and (b) that Plaintiff JANG had breached the terms of the Guarantee. *See* Exhibit "C" ("2012 NJ Action").

14.    Plaintiffs BAU INTERNATIONAL and JANG appeared in the 2012 NJ

Action, which resulted in a Settlement Agreement dated August 30, 2012 between Defendant FSB and both Plaintiffs. *See* Exhibit "D" ("2012 Settlement Agreement").

15.     Under the 2012 Settlement Agreement, it was specifically agreed that in settlement of the 2012 NJ Action, Plaintiffs "shall remit to [FSB] payments in the amount of three hundred dollars and no/100 ($300.00) each" on a monthly basis beginning September 5, 2012. *See* Exhibit "D".

16.     Pursuant to the 2012 Settlement Agreement, Plaintiffs made the initial payment of $300.00 by check dated August 31, 2012, and thereafter continued to make the proper payments thereunder through some time in 2016.

17.     In or about December 2015, and notwithstanding the 2012 NJ Action and the 2012 Settlement Agreement, Defendant FSB commenced an action against Plaintiffs BAU INTERNATIONAL and JANG in the Supreme Court of New York, Queens County, Index No. 14854/15.  In its complaint, Defendant FSB alleged, among other things, (a) that Plaintiffs had "defaulted in appearing in the NJ action," (b) that "a judgment was duly made" against Plaintiffs for the sum of $148,259.15, and (c) that "no part of the Judgment has been paid." *See* Exhibit "E" (2015 NY Action).

18.     Plaintiffs, through counsel, responded thereto by letter dated January 7, 2016, asserting (a) that "this matter was previously settled" pursuant to the 2012 Settlement Agreement, (b) that "Mr. Jang continued to make the monthly settlement payments of $300 per month from 2012 to the present time," and (c) that the 2012 "Settlement Agreement provides, among other things, that [FSB] will take no steps to execute on the New Jersey Judgment" to the extent payments were being made.  *See* Exhibit "F", the January 7, 2016 letter with exhibits.

19.     Further, in the January 2016 letter, Plaintiffs provided documentation proving

-4-

the $300 monthly payments that Plaintiff JANG had been continuously making under the 2012 Settlement Agreement. *See* Exhibit "F".

20.     This resulted in a Stipulation of Discontinuance of the 2015 NY Action, filed with the County Clerk, Queens County on September 12, 2016.  *See* Exhibit "G", the Stipulation of Discontinuance.

21.     In the meantime, Plaintiffs received a "Notice of Intent to Initiate a Administrative Wage Garnishment Proceedings" dated April 14, 2016 from Defendant TREASURY, Bureau of the Fiscal Service, claiming (a) that the amount of $188,047.00 was owed to Defendant SBA, and (b) that a wage garnishment order was forthcoming unless Plaintiffs made a written request for a hearing by May 5, 2016. *See* Exhibit "H", the April 14, 2016 Notice of Wage Garnishment Proceedings.

22.     Further, the April 14, 2016 Notice provided on page 1 as follows:

**INSPECT AND COPY YOUR RECORDS. You may inspect and copy the Federal Agency's records related to your debt by writing us or calling us at the address and telephone number listed below.**

*See* Exhibit "H".

23.     Said provision is consistent with 31 C.F.R. § 285.11(e)(2), which provides that in cases of administrative wage garnishment, "The debtor shall be afforded the opportunity: (i) to inspect and copy records related to the debt."

24.     In light of the 2012 Settlement Agreement, the 2015 Stipulation of Discontinuance and all of the foregoing, a letter dated April 29, 2016 was sent by Plaintiffs' counsel to the address provided in the April 2016 Notice to Defendant TREASURY on behalf of Plaintiffs. More specifically, Defendant TREASURY was notified that Plaintiffs were "formally disputing the claim as asserted in the April 14, 2016 [Notice]." *See* Exhibit "I", the letter dated April 29, 2016.

25.     In addition, the letter expressly requested on Plaintiffs' behalf that "to fully evaluate this claim, and consistent with your letter to Mr. Jang dated April 14, 2016, we would like an opportunity to obtain copies of your records related to this alleged debt..." *See* Exhibit "I" and 31 C.F.R. § 285.11(e)(2).

26.     The above notwithstanding, and in violation of 31 C.F.R. § 285.11(e)(2), no records or documentation underlying this claim were ever received by Plaintiffs or Plaintiffs' counsel.

27.     By letter dated September 19, 2016 from Plaintiffs' counsel, Defendant TREASURY was again informed that "we [previously] requested certain information pertaining to your claim," which was being disputed. *See* Letter dated September 19, 2016, annexed as Exhibit "J".

28.     On or about October 5, 2016, Plaintiffs further submitted a "Hearing Request, Administrative Wage Garnishment" (a) challenging the issuance of any wage garnishment order and (b) asserting, in light of the 2012 Settlement Agreement, the 2015 Stipulation of Discontinuance and all of the foregoing, that Plaintiffs "do not owe the full amount of the debt." *See* Exhibits "K", Hearing Request dated October 5, 2016 and "L", Plaintiffs' attorneys letter dated October 5, 2016.

29.     In conjunction therewith, Plaintiffs submitted a letter dated October 5, 2016 to Defendant TREASURY explaining (a) that "this matter was previously settled," (b) that "Mr. Jang continued to make the monthly settlement payments of $300 per month from 2012 to the present time," and (c) that the 2012 "Settlement Agreement provides, among other things, that [FSB] will take no steps to execute on the New Jersey Judgment" to the extent payments were being made. *See* Exhibit "L", the October 5, 2016 letter with exhibits.

30.     Further, in the October 2016 letter, Plaintiffs provided documentation proving

the $300 monthly payments that JANG had been making under the 2012 Settlement Agreement. *See* Exhibit "L".

31.     Notwithstanding the 2012 Settlement Agreement, the 2015 Stipulation of Discontinuance and all of the foregoing, in its Wage Garnishment Hearing Decision dated January 27, 2017, Defendant TREASURY ruled to "CONTINUE WAGE GARNISHMENT" in this matter. *See* Exhibit "M", the 2017 Decision.

32.     Among other things, although Plaintiffs BAU INTERNATIONAL and JANG never received it, Defendant TREASURY claimed that "Treasury sent a letter, dated December 20, 2016, to you enclosing Proof-of-Debt documents" relating to this matter... [and giving] until January 12, 2017 to provide documentation or other evidence to support your claim." *See* Exhibit "M".

33.     No such letter or documents underlying this claim were ever received by Plaintiffs or Plaintiffs' counsel in violation of 31 C.F.R. § 285.11(e)(2).

34.     Moreover, despite the clear explanation of the history herein and proof provided in the October 2016 submission on Plaintiffs' behalf, the 2017 Decision further states that "[a]s of this date, you have not provided the Treasury hearing office an explanation or any evidence supporting your argument that you do not owe the full debt." *See* Exhibit "M".

35.     In addition, the Decision incorrectly states that based on the New Jersey State court proceedings, "you are claiming [that it] <u>released</u> you from your obligation." *See* Exhibit "M" (emphasis added).

36.     Contrary to what Defendant TREASURY found, Plaintiffs had asserted that the New Jersey State court settlement with Defendant FSB constituted a modification and settlement of the terms of the SBA Guarantee by FSB, which are also permitted by paragraphs 4(A) and (D) of the Guarantee. *See* Exhibit "B". Plaintiffs never asserted that they were "released" from their

obligation.

37.     In ruling to continue the wage garnishment in its 2017 Decision, Defendant TREASURY, among other things, (a) fails to recognize that the repayment of the subject loan by Plaintiffs was resolved through and is governed by the 2012 Settlement Agreement reached in the 2012 NJ Action, (b) fails to give due credit to Plaintiffs for amounts previously paid in repayment of the subject loan, (c) fails to reflect the actual history of this loan and related proceedings and (d) failed to provide the documentation and records underlying this claim in violation of an alleged debtor's statutory right to inspect and copy same.

## COUNT I
## The 2017 Decision Violates the Administrative Procedure Act

38.     Plaintiffs repeat and reiterate each and every allegation contained herein in paragraphs 1 through 37  as if more fully set forth herein.

39.     The 2017 Decision is a final agency action for purposes of 5. U.S.C. §706(2)(A).  *See* 31 C.F.R. § 285.11(h)(12).

40.     The Administrative Procedure Act requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. §706(2)(A).

41.     The 2017 Decision is arbitrary and capricious, an abuse of discretion and not in accordance with law because the terms of the repayment of the loan were previously agreed upon and modified pursuant to the 2012 Settlement Agreement arising out of the 2012 NJ Action.

42.     The 2017 Decision is arbitrary and capricious, an abuse of discretion and not in accordance with law because it fails to give the proper credits for the amounts repaid by Plaintiffs with respect to the Note.

43.     The 2017 Decision is arbitrary and capricious, an abuse of discretion and not

-8-

in accordance with law because Plaintiffs do not owe the amount that the 2017 Decision seeks to collect.

44.     By reason of the foregoing, Plaintiffs are entitled to a judgment declaring that the Decision is invalid.

## COUNT II
### The 2017 Decision Failed to Observe Procedure Required by Law

45.     Plaintiffs repeat and reiterate each and every allegation contained herein in paragraphs 1 through 44 as if more fully set forth herein.

46.     The Administrative Procedure Act requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions" that are "without observance of procedure required by law." 5 U.S.C. §706(2)(D).

47.     As stated above, 31 C.F.R. § 285.11(e)(2) provides that in cases of administrative wage garnishment, "The debtor shall be afforded the opportunity: (i) to inspect and copy records related to the debt."

48.     Despite a demand for same, such records and documents underlying this claim were never received by Plaintiffs from Defendant TREASURY in violation of 31 C.F.R. § 285.11(e)(2).

49.     The 2017 Decision was reached "without observance of procedure required by law" under 31 C.F.R. § 285.11(e)(2).

50.     By reason of the foregoing, Plaintiffs are entitled to a judgment declaring that the Decision is invalid.

## COUNT III
### Declaratory Judgment Regarding Repayment of the Note

51.     Plaintiffs repeat and reiterate each and every allegation contained herein in

paragraphs 1 through 50 as if more fully set forth herein.

52.    By reason of the foregoing, Plaintiffs respectfully request that the Court  (a) declare that the amount and terms of repayment of the Note shall be pursuant to the 2012 Settlement Agreement, (b) award a credit to Plaintiffs for all payments made thereunder, and (c) declare to which party Plaintiffs should make such future payments under the 2012 Settlement Agreement.

## COUNT IV
## The Enforcement of the 2017 Decision Must be Postponed Pursuant to 5 U.S.C. §705

53.    Plaintiffs repeat and reiterate each and every allegation contained herein in paragraphs 1 through 52  as if more fully set forth herein.

54.    The Administrative Procedure Act permits the postponement of enforcement of agency decisions pending judicial review "when justice so requires." 5 U.S.C. §705.

55.    There would be no irreparable harm from postponing the enforcement of the 2017 Decision to continue wage garnishment pending review by this Court.

56.    By reason of the foregoing, Defendant TREASURY must be stayed from proceeding with the 2017 Decision pending review by this Court.

WHEREFORE, Plaintiffs BAU INTERNATIONAL INC. and CHANG JANG pray the Court grant the follow relief:

A.    A declaration that the 2017 Decision is invalid on the grounds that it is arbitrary, capricious, abuse of discretion and not in accordance with law;

B.    A declaration that the 2017 Decision is invalid on the grounds that it was made without observance of procedure required by law;

C.    A judgment in Plaintiffs favor (a) declaring that the amount and terms of repayment of the Note shall be pursuant to the 2012 Settlement Agreement, (b) awarding a credit to Plaintiffs for all payments made thereunder, and (c)

-10-

declaring to which party Plaintiffs should make such future payments under the 2012 Settlement Agreement;

D.    A postponement of the enforcement of the 2017 Decision pending review by this Court;

E.    A judgment in favor of Plaintiffs against Defendants for expenses of this litigation, including reasonable attorneys' fees and costs;

F.    Grant Plaintiffs such other and further relief that the Court deems just and proper.

Dated: Lake Success, New York
       March 8 , 2017

                              Yours, etc.

                              VISHNICK MCGOVERN MILIZIO LLP

                              By:    Andrew Kimler, Esq.
                                     Eun Chong (EJ) Thorsen, Esq.
                              *Attorneys for Plaintiffs*
                              3000 Marcus Avenue, Suite 1E9
                              Lake Success, New York 11042
                              (516) 437-4385